IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02866-PAB-NRN

MICHAEL DRISCOLL,

Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, a municipal entity;
CHIEF OF POLICE PAUL PAZEN, in his individual capacity;
PATRICK PHELAN, in his individual capacity;
JOHN AND JANE DOES 1-10, in their individual capacities;

Defendants.

---

**ORDER GRANTING
PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT TO
ADD NAMED PARTIES AND CLAIMS (Dkt. #29)**

---

**N. Reid Neureiter
United States Magistrate Judge**

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint to Add Named Parties and Claims (Dkt. #29), which was referred to this Court by Chief Judge Philip A. Brimmer. (Dkt. #30.) Defendants filed a response (Dkt. #34) and Plaintiff filed a reply in support of his motion. (Dkt. #37.) The Court held argument on February 22, 2023.

Now, being fully advised and for the reasons discussed below, it is hereby ORDERED that the subject motion is GRANTED.

### BACKGROUND

This case arises out of the George Floyd Protests which occurred in the City and County of Denver in late May and early June of 2020. Plaintiff initiated this suit on

October 25, 2021. (*See* Dkt. #1.) Plaintiff's Complaint documented many instances of allegedly excessive force by police officers against protestors and included great detail about an incident against Mr. Driscoll himself that occurred on May 31, 2020 when he was hit in the face with a rubber bullet. The projectile shattered his skull, destroyed his sinus cavity, and fractured his orbital bone around his left eye. There are few other details about specific incidents of alleged force against Mr. Driscoll, but he does generally allege seeing and experiencing what he described as brutality against protestors throughout the George Floyd Protests.

This case proceeded quietly for many months. Then, at a Status Conference on December 14, 2022, Plaintiff indicated that he believed modifying the Scheduling Order was necessary to allow further discovery and to extend the deadline for amendment of pleadings. Defendants noted that, at the time of this Status Conference, Plaintiff had issued no written discovery and taken no depositions. Plaintiff explained that, instead of issuing interrogatories or otherwise taking discovery in this case, he had engaged in significant review of discovery produced in a cross-designated case, *Epps v. Denver*, 20-cv-01878-RBJ (D. Colo.). The Court ordered that Plaintiff seek leave to amend his Complaint and modify the Scheduling Order on or before January 6, 2023. The subject motion followed.

Plaintiff now seeks leave to amend his Complaint to add eight (8) new defendants and numerous new allegations concerning multiple incidents spanning from May 30 and 31, 2020. In his motion, Plaintiff's counsel reveals that he has spent over "450 hours reviewing video documents, and other relevant materials," and his paralegal has spent in excess of 600 hours reviewing video. Dkt. #29 at 7.

2

Defendants oppose amendment, arguing that the new allegations do not relate back to the originally pled injury that occurred on May 31, 2020. They argue that Plaintiff has failed to show good cause for the amendment, and that the proposed amendments are futile because they are barred by the statute of limitations and equitable tolling does not apply. For the reasons set forth below, the Court disagrees.

## LEGAL STANDARDS

The deadline to amend pleadings elapsed on November 30, 2022. Thus, allowing amendment would mean modifying the Scheduling Order, which requires good cause. Fed. R. Civ. P. 16(b)(4) (A scheduling order "may be modified only for good cause and with the judge's consent.") "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). This burden is satisfied, for example, when a party learns of new information in a deposition or that the governing law has changed. *Id*. Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order. *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline. *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

If good cause to amend the Scheduling Order exists, the Court then turns to Rule 15(a)(2) which states, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Leave to amend shall be

freely granted when justice so requires. *Id.* "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court may exercise its discretion to deny a motion to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by previously allowed amendments, or futility of the amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal . . . . The relevant standard in determining whether claims are futile is the same standard that is applied to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Dorough v. Am. Family Mut. Ins. Co.*, No. 15-cv-02388-MSK-KMT, 2016 WL 1426968, at *2 (D. Colo. Apr. 11, 2016).

Amendments relate back to the date of the original complaint, and are thus permitted, only when all elements of Rule 15(c) are met. *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215, 1226–27 (10th Cir. 1991). In order to relate back for statute of limitations purposes, the new claim must arise from the same "conduct, transaction, or occurrence" as set forth in the original pleading. Fed. R. Civ. P. 15(c)(1)(B).

## ANALYSIS

### A. There is good cause to modify the Scheduling Order under Rule 16(b)(4).

The Court will allow amendment. First, the Court finds good cause to allow the amendment because Plaintiff has shown that he has been diligent in his investigation of this matter. As previously noted, Plaintiff's counsel represents that he and his paralegal

4

have spent over 1000 hours between the two of them reviewing video and documents. Plaintiff's counsel also represents:

> [I]n order to identify officers that were involved, officers that the City of Denver could not even identify, undersigned counsel needed to review videos multiple times, matching up the same incident from various vantage points, and watching in slow motion or even frame by frame. The work of identifying officers who did not wear body cameras nor write reports is painstaking. It requires finding their conduct in videos from other offices or from HALO videos. It requires finding a unique identifiable clothing item, and then finding other videos from earlier or later in the day which depicts that same individual with that same identifying clothing item and seeking a personal identification through some otherwise hidden object. At times, it also required viewing videos and comparing with photos and text messages.

Such review was no small feat. Working 24 hours a day, 7 days a week, it would have taken Plaintiff's counsel alone more than 2.5 weeks to review those documents. Working 8 hours days exclusively on this case without any breaks, it would have taken counsel over 56 days straight. Again, this does not include staff hours spent. There can be no dispute that Plaintiff's counsel and his staff have engaged in the labor-intensive and time-consuming project of analyzing countless hours of video and reviewing documents to identify officers involved in the alleged conduct and, in doing so, realized that officers targeted Mr. Driscoll specifically with certain uses of force. This endeavor demonstrates diligence and offers a reasonable basis for why Plaintiff could not meet the November 30, 2022 deadline to amend pleadings.

### b. Amendment should be allowed under Rule 15(a).

The Court also finds that amendment should be allowed under the more lenient standard of Fed. R. Civ. P. 15. Prejudice is the most important factor when determining whether to allow a motion to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207

5

(10th Cir. 2006). Notably, Defendants do not argue that amending the Complaint in this case will prejudice them.[1] Further, the Court does not find that Plaintiff was unduly delayed or dilatory in seeking amendment. Indeed, though the deadline to amend pleadings lapsed on November 30, 2022, Plaintiff raised the potential need for modification during the December 14, 2022 Status Conference and filed his motion on January 6, 2023 at the direction of the Court. A delay of fewer than six weeks is not undue particularly in light of the circumstances of this case.

### c. The amendments relate back to the initial Complaint.

Defendants argue that amendment should be denied because the proposed amendments do not relate back to the initial Complaint and are thus barred by the statute of limitations. Amendment, therefore, is futile. Plaintiff, for his part, argues that the amendments relate back and are not barred by the statute of limitations because equitable tolling applies. Under the unique factual circumstances of this case, the Court agrees with Plaintiff that the equitable tolling applies.

The parties do not dispute that the applicable statute of limitations for Plaintiffs 42 U.S.C. § 1983 claims is two years. *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1286 (D.

---

[1] They do argue that allowing Plaintiff to use documents and other evidence from the *Epps* case would give Plaintiff "*carte blanche* access to the entirety of discovery in a separate, far broader lawsuit, which would essentially render the Court's discovery constraints meaningless at great prejudice to Defendants." Dkt. #34. This argument misses the mark. First, Defendants already agreed that Plaintiff could discover relevant documents from the *Epps* case. Second, allowing amendment of the Complaint has no bearing on how discovery proceeds in this case and ignores the Court's inherent authority to control any such discovery disputes as they arise. Such a discovery dispute is not appropriately addressed at this time, and is not considered undue prejudice when evaluating whether to amend the Scheduling Order to allow the amended complaint. Of course, in light of the amendment, the parties and the Court will engage in fashioning new discovery parameters as appropriate.

Colo. 2009) (citing *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994)). The limitations period "begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Id.* (quoting *Indust. Constr. Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994)). Put differently, a plaintiff's claim accrues as soon as "facts that would support a cause of action are or should be apparent." *Id.* (citations omitted).

Plaintiff alleges that he was injured during the protests occurring May 30 and 31, 2020. Thus, his causes of action accrued on May 30 and 31, 2022. However, Plaintiff did not move to amend until January 6, 2023. Thus, in order for his claims to survive, they must relate back to the initial Complaint or the statute of limitations must be tolled.

Rule 15(c)(1) governs the relation back of amendments. If the applicable statute of limitations has run, an amended complaint may relate back to the date of the timely filed original complaint when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint [120 days from date of filing], the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A–C).

Rule 15(c)(1)(B) applies to an amendment asserting a claim or defense, and Rule 15(c)(1)(C) applies to an amendment changing a party or the naming of a party. *See Pierce v. Amaranto*, 276 Fed. Appx. 788, 792 (10th Cir. 2008). The relation back doctrine's purpose is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure . . . for resolving disputes on their merits." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010).

The purpose of Rule 15(c)(1)(B) is that "a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984) (citation omitted). So long as there is a "factual nexus" between the original and amended complaints, the amended claim "is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." *Benton v. Bd. of Cnty. Comm'rs*, No. 06–cv–01406–PSF, 2007 WL 4105175, at *3 (D. Colo. Nov. 14, 2007), *aff'd*, 303 F. App'x 625 (10th Cir. Dec. 17, 2008) (unpublished) (quoting *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983)). In *Benton*, the court summarized the law governing the application of the relation back doctrine as follows:

> As a general rule, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts. For relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery. On the other hand, amendments generally will not relate back if they interject entirely different facts, conduct, transactions or occurrences. It is a matter committed to the district court's sound discretion to decide whether a new claim arises out of the same transaction or occurrence.

*Benton*, 2007 WL 4105175, at *3 (*quoting Kidwell v. Bd. of Cnty. Comm'rs of Shawnee Cnty.*, 40 F. Supp. 2d 1201, 1217 (D. Kan. 1998)).

Rule 15(c)(1)(C) applies to relation back of an amended complaint that "changes the party or the naming of the party against whom a claim is asserted." Fed. R. Civ. P. 15(c)(1)(C). Thus, when a list of parties has "changed," Rule 15(c)(1)(C) governs the relation back to the original complaint. *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (holding that [the predecessor to Rule 15(c)(1)(C)] governed relation back because the plaintiff's amendment "amounted to adding a new party" (citations omitted)); *see also Bell v. City of Topeka, Kan.*, 279 F.. App'x 689, 692 (10th Cir. May 23, 2008) (unpublished) (applying Rule 15(c)(1)(C) when a plaintiff adds a new party). Accordingly, Rule 15(c)(1)(C) applies to the addition of new parties after the statute of limitations has run on proposed new claims. *See VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001) ("If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint."). "[Rule 15(c)(1)] mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski*, 560 U.S. at 540.

Upon a close review of the proposed First Amended Complaint and construing it liberally, the Court finds that the allegations in the proposed First Amended Complaint share a factual nexus with the allegations asserted in the initial Complaint. The new allegations that detail the harm Plaintiff himself suffered on May 30, 2020 and earlier in the day on May 31, 2020 cannot be said to be "entirely different facts, conduct,

9

transactions or occurrences" when Plaintiff's initial Complaint detailed the excessive force by Denver Police Department against many protestors over multiple days spanning May 28, 2020 through June 2, 2020 during the George Floyd Protests. Further, Plaintiff did allege that on May 30, 2020, while he marched, he was subjected to "tear gas and pepper balls." (Dkt. # 1 at 30–32, ¶¶ 87, 92.) Thus, the Court finds that the new factual allegations and claims, including those related to Mr. Driscoll's injury suffered May 30, 2020, relate back to the filing of the initial Complaint and do not implicate the statute of limitations.

The Court also finds that the naming of the new parties relates back. The First Amended Complaint substitutes Rick Eberharter, Timothy Hyatt, Christopher Cochran, Michael Erickson, Kyle Janosko, Kaleb McCarthy, Matthew Domenico, and David Adams for John and Jane Does 1–10 named in initial Complaint. (*See* Dkt. #29-1 at 1.)

The substitution of named defendants for an unknown John or Jane Doe amounts to adding a new party. Defendants rely on the Tenth Circuit's holding in *Garrett* that a plaintiff's lack of knowledge of the intended defendant's identity is not a "mistake concerning the identity of the proper party" within the meaning of Rule 15(c)(3)(B). *Garrett*, 362 F.3d at 696. But "[j]udges in the District of Colorado have held that *Krupski* abrogates the Tenth Circuit's holding in *Garrett*, as the Supreme Court intended the Rule 15(c) inquiry to focus on whether a defendant knew or should have known of the possibility of his implication in the suit, rather than the plaintiff's lack of knowledge." *Vigil v. Laurence*, 524 F. Supp. 3d 1120, 1126 (D. Colo. 2021) (citing *Orwig v. Brooks*, 2018 WL 1905144 (D. Colo. Apr. 23, 2018) (finding that amendment naming new CDOC officials as defendants related back based on plaintiff's mistake as to their roles); and

*Estate of Roemer v. Shoaga*, 2017 WL 1190558 (D. Colo. Mar. 31, 2017) (allowing relation back where plaintiff discovered that authority rested with proposed defendants rather than previously named defendant)).

"*Krupski* establishes that a plaintiff may be mistaken as to the identity or role of a defendant despite diligent efforts to properly assert a claim." *Id.* at 1127 (citing *Krupski*, 560 U.S. at 547–52). "The Supreme Court recognized that the equities favor placing emphasis *on the knowledge of the defendant rather than the mistake of the plaintiff*." *Id.* (citations omitted) (emphasis in original). The Court finds that the public policy behind this emphasis is particularly compelling where, as here, the individual officers apparently went to great lengths to conceal their identities (turning off their cameras and covering their badge numbers), and, based on discussion during oral argument, even the City and County of Denver could not identify the officers involved. Here, Plaintiff has dedicated extensive time and resources to identify the actual individual defendants despite significant obstacles, and the claims against Defendants should be resolved on their merits rather than dismissed.

The Court next determines whether "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). "Notice is satisfied when the parties are so closely related in their business operations or activities that the institution of an action against one serves to provide

11

notice of the litigation to the other." *Laratta v. Raemisch*, No. 12-cv-02079-MSK, 2014 WL 1237880, at *16 (D. Colo. March 26, 2014) (internal citations omitted).

Here, the Court agrees with Plaintiff that Defendants were or should have been on notice of the action. Though the initial Complaint did not mention Rick Eberharter, Timothy Hyatt, Christopher Cochran, Michael Erickson, Kyle Janosko, Kaleb McCarthy, Matthew Domenico, and David Adams, it did mention the alleged brutality that officers from the Denver Police Department and mutual aid partners (other law enforcement agencies) subjected protestors to during the George Floyd Protests at the end of May and early June 2020. Indeed, the newly named defendants are all alleged to be Denver, Brighton, or Commerce City police officers, acting under the supervision of Defendant Pazen in his capacity as Chief of Police of Denver. They were all responding to the George Floyd Protests. Thus, these Defendants knew or should have known of the possibility of their implication in the suit. They will not be prejudiced in defending this case on the merits.

### d. Even if the amendments did not relate back, equitable tolling would revive the claims.

A court may equitably toll the statute of limitations where extraordinary circumstances render it impossible for a plaintiff to discover information. Colorado's equitable tolling rules apply to § 1983 actions. *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (applying state tolling rules to § 1983 action). Colorado law permits equitable tolling in situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts. *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). "Equity may require a tolling of the statutory period

12

where flexibility is required to accomplish the goals of justice." *Id.* at 1096.

The Court finds that the circumstances in this case support application of equitable tolling. Plaintiff alleged that officers were not wearing badges or name plates, conspired to ensure that they were not filming on their body-worn cameras, shot at individual protestors asking for name and badge numbers, and did not complete post-incident use of force or after-action reports. Further, contrary to Defendants' representations, Plaintiff did attempt to use multiple avenues to obtain the information necessary to identify the officers involved, including by submitting records requests. However, Plaintiff's requests were denied. (*See* Dkt. ##37-3–37-6.)

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint to Add Named Parties and Claims (Dkt. #29) is **GRANTED.** The proposed First Amended Complaint and Jury Demand (Dkt. #29-2) is ACCEPTED for filing as of the date of this Order. Defendants shall answer or otherwise respond to the First Amended Complaint in accordance with Fed. R. Civ. P. 15(a)(3).

It is further **ORDERED** that the parties shall be prepared to discuss any necessary modifications of the Scheduling Order at the Status Conference set on March 1, 2023 at 2:00 p.m.

Date: February 28, 2023

_____
N. Reid Neureiter
United States Magistrate Judge