# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02866-PAB-NRN

MICHAEL DRISCOLL,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, a municipal entity;
CHIEF OF POLICE PAUL PAZEN, in his individual capacity,
PATRICK PHELAN, in his individual capacity;
RICK EBERHARTER, in his individual capacity;
TIMOTHY HYATT, in his individual capacity;
CHRISTOPHER COCHRAN, in his individual capacity;
MICHAEL ERICKSON, in his individual capacity;
KYLE JANOSKO, in his individual capacity;
KALEN MCCARTHY, in his individual capacity;
MATTHEW DOMENICO, in his individual capacity;
DAVID ADAMS, in his individual capacity,

    Defendants.

## DEFENDANTS' AMENDED[1] UNOPPOSED JOINT MOTION TO MODIFY THE SCHEDULING ORDER TO INCREASE DISCOVERY LIMITATIONS

Defendants, through undersigned counsel, move under D.C.COLO.LCivR 6.1 to modify the Scheduling Order [Doc Nos. 27 and 41] to increase the discovery limitations as follows:

### I. CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCiv.R 7.1(b)(2), counsel for Defendants conferred with counsel for Plaintiff who does not oppose the relief sought herein.

---

[1] This Amended Motion is being filed to correct an error in the initial Motion [Doc. No. 130]. The initial Motion requests 25 interrogatories, requests for production, and requests for admission per group. However the parties have only agreed to 15 interrogatories, requests for production, and requests for admission per group.

## II.  INTRODUCTION

1.  On February 28, 2023, Plaintiff named Christopher Cochran, Matthew Domenico, Rick Eberharter, Michael Erickson, Timothy Hyatt, Kyle Janosko, and Kaleb McCarthy as Defendants for the first time in his First Amended Complaint [Doc. No. 40] (collectively "new Defendants"). Plaintiff then filed a Second Amended Complaint [Doc. No. 94] on October 25, 2023.

2.  Most written discovery was exchanged before the new Defendants were parties in the case. Under the current Scheduling Order, Defendants collectively only have six interrogatories, six requests for production, and 22 requests for admission remaining. [Doc. Nos. 27 and 41].

3.  The written discovery that has been exchanged predominantly relates to Plaintiff's allegations he was hit in the face with a rubber bullet by an unidentified Denver police officer on May 31, 2020, at 13th and Cherokee streets some time after 10:00 p.m., and does not inquire into the conduct specifically alleged against the new Defendants.

4.  As the conduct of the new Defendants is unrelated to the alleged use of the rubber bullet (it involves different officers, different times, different dates, different conduct, and a different agency as to the Brighton Defendants), absent an increase in discovery limitations, the new Defendants would effectively be prohibited from conducting written discovery.

## III.  ARGUMENT

5.  Pursuant to F.R.C.P. 16(b)(4), a Scheduling Order "may be modified only for good cause and with the judge's consent." Factors the court may consider in exercising its discretion for such modification include: (1) whether trial is imminent, (2) whether the request is opposed, (3) prejudice to the nonmoving party, (4) whether the moving party was diligent in obtaining

discovery, (5) the foreseeability of the need for additional discovery in light of the time allowed, and (6) the likelihood the discovery will lead to relevant evidence. *White v. Deere & Co.*, 13-cv-02173-PAB-NYW, 2015 WL 5081609, at *5 (D. Colo. Aug. 28, 2015) (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

6. In this case, no trial date has been set. As this motion is unopposed, Plaintiff will not be prejudiced by the relief sought. The new Defendants have been diligent in obtaining discovery and are not seeking an extension of the discovery deadline[2]. The need to increase the discovery limits was foreseeable given the addition of new Defendants involving separate incidents. Lastly, there is a high likelihood the discovery sought will lead to relevant evidence given the new Defendants seek written discovery related to the allegations against them within the Second Amended Complaint [Doc. No. 94].

7. Accordingly, Defendants request increasing the current discovery limits which only allow 15 interrogatories, 15 requests for production, and 15 requests for admission per *side*, to 15 interrogatories, 15 requests for production, and 15 requests for admission per *group*.

8. For purposes of this motion, each "group" consists of the following (each represented by separate counsel):

- **Denver Defendants**: The City and County of Denver, Chief of Police Paul Pazen, Patrick Phelan, Rick Eberharter, and Christopher Cochran.

- **Timothy Hyatt**

- **Kyle Janosko**

- **Brighton Defendants**: Michael Erickson, Kaleb McCarthy, and Matthew Domenico.

---

[2] At the status conference on January 11, 2024, Plaintiff indicated he may seek leave to file a Third Amended Complaint. Depending on the allegations in any such complaint filed, Defendants reserve the right to seek an extension of the discovery deadline to address new allegations.

9. In compliance with D.C.COLO.LCivR 6.1(c), a copy of this motion is being served contemporaneously upon the parties by undersigned counsel.

Respectfully submitted on January 30, 2024,

s/ Eric Ziporin
*Eric Ziporin*
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
303-320-0509 phone
eziporin@sgrllc.com

s/ Tiffany Toomey
*Tiffany Toomey*
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
303-320-0509 phone
ttoomey@sgrllc.com
*Counsel for Defendant Timothy Hyatt*

s/ Jonathan Abramson
*Jonathan Abramson*
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
303-320-0509 phone
jabramson@sgrllc.com

s/ Yulia Nikolaevskaya
*Yulia Nikolaevskaya*
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
303-320-0509 phone
jnikolaevskaya@sgrllc.com
*Counsel for Defendant Kyle Janosko*

s/ Nicholas Poppe
*Nicholas Poppe*
Nathan Dumm & Mayer PC
7900 East Union Avenue, Suite 600
Denver, CO 80237-2776
303-691-3737 phone
npoppe@ndm-law.com
*Counsel for Defendants Kaleb McCarthy, Matthew Domenico, and Michael Erickson*

s/ Jonathan Cooper
*Jonathan Cooper*
Denver City Attorney's Office
201 West Colfax Avenue
Denver, CO 80202-5332
720-913-3136 phone
Jonathan.cooper@denvergov.org

s/ Andres Alers
*Andres Alers*
Denver City Attorney's Office
201 West Colfax Avenue
Denver, CO 80202-5332
720-913-3136 phone
Andres.alers@denvergov.org

s/ Juliane DeMarco
*Juliane DeMarco*
Denver City Attorney's Office
201 West Colfax Avenue
Denver, CO 80202-5332
720-913-3136 phone
juliane.demarco@denvergov.org
*Counsel for Defendants City and County of Denver, Patrick Phelan, Paul Pazen, Christopher Cochran, and Rick Eberharter*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of January, 2024, I electronically filed a true and correct copy of the above and foregoing **DEFENDANTS' AMENDED UNOPPOSED JOINT MOTION TO MODIFY THE SCHEDULING ORDER TO INCREASE DISCOVERY LIMITATIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email address:

Edward M. Schwab
milo@ascendcounsel.com
*Counsel for Plaintiff*

Jonathan Marshall Abramson
Yulia Nikolaevskaya
jabramson@sgrllc.com
jnikolaevskaya@sgrllc.com
*Counsel for Defendant Kyle Janosko*

Andres Manuel Alers
Jonathan K. Cooper
Andres.alers@denvergov.org
Jonathan.cooper@denvergov.org
*Counsel for Defendants City and County of Denver, Patrick Phelan, Paul Pazen, Christopher Cochran, and Rick Eberharter*

Nicholas Christaan Poppe
npoppe@ndm-law.com
*Counsel for Defendants Kaleb McCarthy, Matthew Domenico and Michael Erickson*

s/ Taylor Will
Legal Secretary