IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02866-PAB-NRN

MICHAEL DRISCOLL;
     Plaintiff;

v.

THE CITY AND COUNTY OF DENVER, a municipal entity;
CHIEF OF POLICE PAUL PAZEN, in his individual capacity,
PATRICK PHELAN, in his individual capacity;
RICK EBERHARTER, in his individual capacity;
TIMOTHY HYATT, in his individual capacity;
CHRISTOPHER COCHRAN, in his individual capacity;
MICHAEL ERICKSON, in his individual capacity;
KYLE JANOSKO, in his individual capacity;
KALEB MCCARTHY, in his individual capacity;
MATTHEW DOMENICO, in his individual capacity.
     Defendants.

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT TO ADD ALLEGATIONS RELATING TO MUNICIPAL CLAIMS**

---

Plaintiff, Michael Driscoll, by through undersigned counsel, respectfully moves the Court to grant leave to file Plaintiff's Third Amended Complaint and in support thereof, provides as follows:

### D.C.COLO.LCivR 7.1 CERTIFICATION

Counsel for Plaintiff conferred with counsel for Defendants regarding this request and Defendants indicated that they opposed the relief requested herein.

### INTRODUCTION

Plaintiff requests that this Court amend the Scheduling Order (ECF No. 27) to extend the deadline for filing an amended pleading and accept the Third Amended Complaint, attached as Exhibits 1 and 2 hereto as the operative Complaint in this case. Defendant Denver's Motion to Dismiss Plaintiff's Second Amended Complaint raised issues for the first time for which had Plaintiff been aware, Plaintiff would have moved to amend to add allegations to address such arguments. Plaintiff attaches to this Motion both a clean and redlined version of his proposed Third Amended Complaint which include only new allegations relating to municipal liability claims in paragraphs 277-339. *Exs. 1, 2*. No other amendments have been made. Accordingly, this Third Amended Complaint, which adds <u>only</u> allegations to address these specific issues, should be granted and Plaintiff's Third Amended Complaint should be the operative Complaint in this case.

## <u>BACKGROUND</u>

On October 25, 2021, Plaintiff filed his Complaint and Jury Demand in this case. ECF No. 1. After a six (6) month pause in the case to engage in mediation and settlement discussions, the parties began discovery. ECF Nos. 22, 23. After approximately six (6) additional months, Plaintiff moved to amend the Complaint for the first time to add additional individual Defendants. ECF No. 29. The First Amended Complaint added <u>no</u> allegations related to Defendants Denver, Phelan, or Pazen. *See Id*. Instead, all additions and amendments were related to new parties and the circumstances surrounding these claims. That motion was granted and seven (7) additional Defendants were brought in as parties. ECF No. 39. In response to a Rule 11 letter from certain Defendants, Plaintiff moved for leave to file a Second Amended Complaint to address these issues during a Telephonic Status Conference on October 16, 2023. ECF No. 93.

This motion was granted and Plaintiff filed his Second Amended Complaint on October 23, 2023. ECF No. 94. The Second Amended Complaint deleted or amended a few allegations relating only to the Brighton and Commerce City Defendants. *See Id*.

Defendants Denver, Phelan, and Pazen never moved to dismiss either the First or First Amended Complaints. The parties have engaged in discovery throughout the two and a half years of this case. On July 29, 2023, Plaintiff served Defendants with expert disclosures and an expert report detailing over a seventy-five page report, the opinions and basis for such opinions on Defendant Denver's failure of training, supervision, ratification, and customs and practices which caused Plaintiff's injuries. Exs. 3, 4, 5. Nonetheless, and for the first time, on November 6, 2023, Defendant Denver moved to dismiss Plaintiff's claim for insufficiently alleging the failures of training and identification of customs and practices which caused Plaintiff's injuries. ECF No. 99. Plaintiff's proposed Third Amended Complaint, attached hereto as Exhibit 1, makes no changes to any allegation in the Second Amended Complaint, instead adding 62 new allegations relating only to Plaintiff's claims against Defendants Denver, Phelan, and Pazen based on discovery in this case and Plaintiff's expert report served on Defendants on July 29, 2023.

## ARGUMENT

### 1. Request for Leave to Amend Complaint

When Courts are asked for leave to file an Amended Complaint, Federal Rule of Civil Procedure 15(a)(2), which applies here, provides that "[t]he court should freely give leave [to amend] when justice so requires." The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). Therefore,

"[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)); *see Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.").

   While Plaintiff fully believes that his Second Amended Complaint sufficiently alleges facts which support a denial of Defendants' Motion to Dismiss, Plaintiff believes that he must file this motion to further protect his interests in avoiding a potential dismissal. This amendment is only potentially needed because of a quirk of the proceedings in this case where Plaintiff moved to Amend his Complaint to address other Defendants' Rule 11 conferral. Had Plaintiff not amended his Complaint in October, Defendants would not have had the opportunity to file this Motion to Dismiss. To use such an unusual amendment to file a Motion to Dismiss, while also arguing that the Scheduling Order prohibits an amendment to address a Motion to Dismiss does an injustice to the normal pleading process. A deadline to amend the Complaint normally would encompass the Motion to Dismiss pleading period. That is important because it gives a Plaintiff the opportunity to raise allegations to meet the *Iqbal* pleading requirements. Here, the same logic applies and if Defendants are to have the opportunity file a Motion to Dismiss, Plaintiff must be afforded the opportunity to amend his Complaint to address those issues.

   Here, Plaintiff should be granted the opportunity to amend his Complaint to provide allegations to respond to Defendants Denver, Phelan, and Pazen's Motion to Dismiss based on an

expert report provided to Defendants in June of 2023. First, Plaintiff has not engaged in undue delay. Plaintiff did not seek to waste the Court's resources by moving to amend the Complaint to add allegations based on his experts report because doing so was unnecessary. Indeed, Plaintiff was unaware that Defendant Denver would seek to dismiss the Second Amended Complaint on grounds for which it knew Plaintiff possessed an expert report until several days before it was filed. If this has been raised by Defendants at the beginning of litigation, before the deadline to amend the Complaint, or when Plaintiff was amending the Complaint for the second time in October 2023 to address other issues in the Complaint, Plaintiff would have done so.

Defendants will not be prejudiced in any way by this amendment. Defendants received Plaintiff's expert report on July 29, 2023 and have accordingly, been on notice of Plaintiff's bases for municipal liability since that date.

Additionally, there have been no prior failures to cure deficiencies. Defendants never raised these issues or intent to file a Motion to Dismiss on these basis before November of 2023. Indeed, when Plaintiff was amending his Complaint in September of 2023, Defendants could have raised these issues so that Plaintiff could have consolidated these amendments to address these arguments as well.

Lastly, this amendment would not be futile because it provides allegations based on Plaintiff's Expert Report. *See Exhibit 5*. Edward Maguire offered these same opinions during the *Epps* trial which resulted in jury verdicts for each Plaintiff on each theory of municipal liability during the George Floyd protests, including for conduct by mutual aid partners. *Epps, et al v. City and County of Denver*, 1:20-cv-01878-RBJ, ECF Nos. 354, 355, 343. Clearly, the allegations Plaintiff seeks to add to this Complaint, based on the expert opinions of Edward

Maguire, would not be futile in supporting Plaintiff's claims against Defendants which have been at issue since this case commenced on October 25, 2021.

    2. **Request for Leave to Amend Scheduling Order**

       Plaintiff requests that the Court agree to amend the scheduling order to accommodate an extension of the deadline to Amend the Pleadings. When Courts consider whether to grant a motion to amend the scheduling order, they look to Fed. R. Civ. P. 16. The Rule 16(b)(4) standard requires the movant to show that, despite the movant's diligent efforts, he or she could not meet the scheduling deadline. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015); *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). To prove diligence, a plaintiff must provide an adequate explanation for any delay. *Minter*, 451 F.3d at 1205 n.4. If a plaintiff learns new information through discovery, good cause to amend may be established under Rule 16(b)(4). *Birch*, 812 F.3d at 1247; *see also Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 U.S. Dist. LEXIS 48125, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010) (granting a motion for joinder six months after the scheduling order deadline); *Fiechtner v. Am. Fam. Mut. Ins. Co.*, No. 09-cv-02681-REB-MEH, 2010 U.S. Dist. LEXIS 129412, 2010 WL 5185490, at *3 (D. Colo. Oct. 19, 2010) (permitting amendment of the scheduling order and the pleadings to add an exemplary damages claim five months after deadline because plaintiff filed the motion within 30 days of receiving the evidence on which the motion was based). Conversely, if the plaintiff knew of the conduct substantiating the claims he seeks leave to add, but simply failed to raise the claims, the plaintiff has failed to show good cause, and the claims are barred. *Birch*, 812 F.3d at 1247.

Here, Plaintiff has been diligent in pursuing his claims. Plaintiff timely provided an expert report to Defendants outlining and supporting the theories upon which Plaintiff asserts Defendants' liability. As discussed above, Plaintiff only finds himself confronting a Motion to Dismiss on the basis of allegations unchanged for more than two years because of his good faith efforts to address facts later learned relating to other Defendants. Plaintiff could not have been aware that Defendants intended to file a motion to dismiss two years after the filing of the Complaint on the basis that the Complaint does not contain allegations reflected in an expert report which Defendants have possessed for months. Moreover, this is the first time these issues have been raised. Plaintiff clearly has allegations which support municipal liability. Moreover, this amendment does not add claims or parties, but instead only adds allegations to further substantiate Plaintiff's municipal claims against Defendant Denver. This amendment will not affect any other Defendants and will instead, only provide Plaintiff with the opportunity to fully rebut Defendants' Motion to Dismiss based on facts for which Defendants were aware when they filed their Motion to Dismiss.

## **CONCLUSION**

Accordingly, Plaintiff respectfully requests that this Court amend the Scheduling Order to to allow for the filing of the Third Amended Complaint. Additionally, Plaintiff respectfully requests that the Court grant leave to amend the Complaint and accept Exhibit 1 as the operative Complaint in this case.

Respectfully submitted this 11th day of February 2024.

/s/ E. Milo Schwab
E. Milo Schwab

Ascend Counsel, LL
2401 S. Downing St.
Denver, CO 80210
(303) 888-4407
milo@ascendcounsel.co