IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02866-PAB-NRN

MICHAEL DRISCOLL,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, a municipal entity,

    Defendant.

## ORDER

The matter before the Court is the Motion to Alter or Amend the Court's Judgment [Docket No. 256]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### I. BACKGROUND

Plaintiff Michael Driscoll filed his original complaint on October 25, 2021. Docket No. 1. Mr. Driscoll brought five claims of relief against the City and County of Denver ("Denver"), Paul Pazen, the Chief of the Denver Police Department, Patrick Phelan a commander in DPD, and ten John Doe defendants based on a head injury he sustained while protesting in response to the murder of George Floyd ("the protests") in the spring of 2020 in Denver, Colorado. *Id.* at 39–51, ¶¶ 151–260. These claims included a Fourth Amendment claim for excessive force, a Fourteenth Amendment claim for excessive force, a First Amendment claim for violating Mr. Driscoll's rights of free speech and assembly, a First Amendment retaliation claim, and a Fourteenth Amendment due process claim. *Id.*

On September 30, 2024, the Court dismissed Mr. Driscoll's claims against the individual defendants in this case. Docket No. 228 at 50. On March 10, 2025, the Court granted summary judgment to Denver on Mr. Driscoll's remaining claims. Docket No. 254 at 28. In granting summary judgment, the Court found that Mr. Driscoll had failed to demonstrate that there was a dispute of material fact as to whether a Denver police officer shot the projectile that injured Mr. Driscoll. *See id.* at 20–25. The evidence at summary judgment demonstrated that there were two groups of police officers who confronted the group of protesters that Mr. Driscoll was a part of. It was undisputed that members of the Jefferson County Regional Special Weapons and Tactics Team ("Jeffco SWAT") formed a skirmish line across the street from the protestors and later fired less lethal munitions into the group of protestors. *Id.* at 8. Mr. Driscoll argued that three members of the Denver Metro Special Weapons and Tactics Team ("Denver SWAT") were also present and positioned in a parking lot across the street from the protestors. *Id.* at 20. However, the Court found that Mr. Driscoll's evidence was insufficient to demonstrate that the officers positioned in the parking lot were Denver SWAT officers, as opposed to Jeffco SWAT officers. *Id.* at 23. Second, even if the officers in the parking lot were Denver officers, the Court found that the evidence did not demonstrate that these officers fired any projectiles at the crowd. *Id.* Finally, the Court determined that, even if the officers in the parking lot were Denver officers and even if these officers fired their weapons, Mr. Driscoll produced no evidence to show that he was struck by a munition fired by an officer in the parking lot instead of a munition fired from the skirmish line by Jeffco SWAT officers. As such, the Court held that Mr. Driscoll failed to show that Denver caused his injuries and granted summary judgment in favor of Denver. *Id.*

at 20–28. On April 7, 2025, Mr. Driscoll filed his motion to amend the final judgment in this case. Docket No. 256. On April 16, 2025, Denver responded. Docket No. 265. On April 23, 2025 Mr. Driscoll replied. Docket No. 268.

## II.   LEGAL STANDARD

Mr. Driscoll makes his motion "under F.R.C.P. 59(e) and 60." Docket No. 256 at 1. The Court construes his motion as a motion for relief from a final order or judgment pursuant to Federal Rule of Civil Procedure 60(b).[1] Rule 60(b) states that a court may relieve a party from final judgment under certain circumstances. Fed. R. Civ. P. 60(b). Relief after judgment is discretionary and only appropriate for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial

---

[1] Mr. Driscoll maintains that he inadvertently failed to include an exhibit in his response to Denver's motion for summary judgment. Docket No. 256 at 2. "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)). Mr. Driscoll acknowledges that he had the evidence he now presents to the Court at the time he filed his response. Docket No. 256 at 2. Therefore, Rule 59(e) does not provide a basis for the relief he seeks. Rule 60(a) states that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "Rule 60(a) may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person intended to speak, write, or record." *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (emphasis omitted) (citing *Allied Materials Corp. v. Superior Prods. Co.*, 620 F.2d 224, 226 (10th Cir. 1980)). A "district court is not permitted . . . to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992). "A correction under Rule 60(a) should require no additional proof." *McNickle*, 888 F.2d at 682. Mr. Driscoll does not argue that the Court did not intend to grant summary judgment in favor of Denver. *See* Docket No. 256. Instead, he relies on additional proof to argue that there is a dispute of material fact that forecloses summary judgment. *Id.* Rule 60(a) is therefore inapplicable to Mr. Driscoll's motion.

3

under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." *Id*.

Because such relief is "extraordinary and may only be granted in exceptional circumstances," parties seeking relief under Rule 60(b) have a high hurdle to overcome. *Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). A Rule 60(b) motion is generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Id.* at 1012. Moreover, Rule 60(b) motions are not a substitute for an appeal. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).

## III. DISCUSSION

Mr. Driscoll asks the Court to reconsider its order granting Denver summary judgment in light of evidence that Mr. Driscoll inadvertently failed to include in his response to Denver's summary judgment motion. Docket No. 256 at 2. Specifically, he claims that Exhibit 213, which Mr. Driscoll referenced in his response, but failed to include with his brief, demonstrates that "Denver had no good faith basis for representing to this Court that a Denver SWAT vehicle was not present at 10:06:32- 10:11:00 p.m." near where Mr. Driscoll was injured.[2] *Id.* Exhibit 213 appears to be a

---

[2] To the extent that Mr. Driscoll argues that he is entitled to relief based on "misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3), Mr. Driscoll has not demonstrated that he is entitled to relief. For the reasons discussed below, Mr. Driscoll's new evidence does not alter the Court's analysis, regardless of Denver's basis for denying that it caused Mr. Driscoll's injuries.

4

single frame taken from body-worn camera footage of an officer near the Colorado state capitol building on May 31, 2020.  Docket No. 257.  The image shows a black police vehicle with the words "Denver Police Metro Swat" painted on the side, as well as the official seal of the Denver Police Department on the front left driver-side door.  *Id.*  Mr. Driscoll argues that this vehicle resembles the vehicle shown in Exhibit 211, Docket No. 220-13, which he referenced in his response to Denver's motion for summary judgment.  Docket No. 209 at 23, ¶ 74.  Exhibit 211 is a single frame of the intersection of Cherokee Street and 14th Street taken by a video camera mounted to a light post.  Docket No. 220-13.  The image shows a vehicle crossing the intersection and pointed in the direction of the Jeffco SWAT skirmish line, which is one block away.  *Id.*  The timestamp on the video indicates that it was taken at 10:06 p.m., *id.*, and it is an undisputed fact that Mr. Driscoll was injured at approximately 10:10 p.m.  Docket No. 254 at 8.  Because the vehicle is moving, the lettering on the side of the vehicle is illegible.  However, the vehicle appears to have a similar seal on the driver-side front door as the vehicle in Exhibit 213.  *Compare* Docket No. 220-13 *with* Docket No. 257.

Mr. Driscoll argues that Jeffco SWAT vehicles do not have a seal on the front door.  Docket No. 256 at 4–5.  In his Rule 60(b) motion, Mr. Driscoll includes photographs of vehicles with the words "Jefferson County Sheriff" painted on the side that do not have seals on the doors.  *See id.*  Mr. Driscoll makes no argument that he inadvertently failed to include the photographs of the Jeffco SWAT vehicles that he includes in his Rule 60(b) motion as part of the exhibits for his response to Denver's summary judgment motion.  Mr. Driscoll states that, "[w]hile Plaintiff acknowledges that the Court's Order did not rest solely on a lack of evidence that Denver SWAT officers

5

were present, to the extent that the Court's Order states or bases its decision on a finding that the evidence was insufficient to prove that Denver SWAT officers were present, Plaintiff respectfully requests that this Court amend such order to reflect that there is sufficient evidence that Denver SWAT officers were present at the time Mr. Driscoll was injured by a projectile." *Id.* at 5.  He claims that Exhibit 213 "creates a question of material fact as to the presence of Denver SWAT officers at 13th and Cherokee on May 31, 2020 at 10:06-10:11:00 p.m." *Id.*

Mr. Driscoll has not shown that the Court should reconsider its summary judgment order.  First, Mr. Driscoll admits that Exhibit 213 is not newly discovered evidence.  Instead, he claims that he inadvertently failed to include Exhibit 213 in his response. *Id.* at 2.  Second, although Mr. Driscoll appears to argue that his mistake of failing to include Exhibit 213 caused the Court to err in granting Denver summary judgment, Exhibit 213 would not have altered the Court's analysis.  At most, Exhibit 213 supports the inference that Denver officers were present when Mr. Driscoll was injured.  However, as the Court explained in its summary judgment order, because it is undisputed that the skirmish line of Jeffco SWAT officers fired less lethal munitions into the crowd of protestors, a jury, even with Exhibit 213, would have to rely on impermissible speculation to find that Mr. Driscoll's injuries were caused by Denver officers who were possibly also present.  Docket No. 254 at 23.  Exhibit 213, considered independently and collectively with Mr. Driscoll's other evidence at summary judgment, does not create a genuine dispute of material fact as to whether Denver caused, and is therefore liable for, Mr. Driscoll's injuries.

Finally, Mr. Driscoll asks that the Court alter only part of its summary judgment order by finding that there is sufficient evidence that a Denver SWAT officer was present when Mr. Driscoll was injured. Docket No. 256 at 5. Mr. Driscoll appears to concede that, for the reasons discussed in the Court's summary judgment order, this would not affect the outcome of this case. Rule 60(b) states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Mr. Driscoll provides no support for the proposition that Rule 60(b) allows the Court to alter its final order in the way he requests. Furthermore, he does not explain how altering a portion of the order that is not essential to the Court's analysis would relieve him from the final order. The Court will deny the motion to alter or amend the judgment.

IV. CONCLUSION

Therefore, it is

**ORDERED** that the Motion to Alter or Amend the Court's Judgment [Docket No. 256] is **DENIED**.

DATED April 25, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge